## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**TONY D. WALKER,**
        **Plaintiff,**

    v.                                                **Case No. 11-C-0995**

**WISCONSIN DEPARTMENT OF**
**CORRECTIONS, et al.,**
        **Defendants.**

### ORDER

      Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

      According to the April 26, 1996 amendments to § 1915, plaintiff prisoners must still pay the entire statutory filing fee of $350, regardless of whether in forma pauperis status is ultimately granted. 28 U.S.C. § 1915(b)(1); Newlin v. Helman, 123 F.3d 429, 432 (7th Cir. 1997), overruled on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). However, a plaintiff prisoner is allowed to pay the filing fee in increments according to the formula set forth in § 1915(b)(1). Under this provision, the court will assess an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits into the plaintiff's prison account; or (2) the average monthly balance in the plaintiff's prison account, each for the six-month period immediately preceding the filing of the complaint. After the initial fee is paid, the agency having custody of the plaintiff captures twenty percent of the income deposited to the plaintiff's prison trust account each month. Once the accumulated twenty percent deductions exceed $10.00, prison officials shall forward the accumulated deductions to the Clerk of the Court towards the plaintiff's filing fee. Williams v. Litscher, 115 F. Supp. 2d 989, 991 (W.D. Wis. 2000).

The clerk's office has received a certified copy of plaintiff's prisoner trust account statement for the past six months. A review of this statement reveals that the average monthly deposit into plaintiff's prison account was $17.31 and the average monthly balance was $0. Thus, in accordance with § 1915(b)(1), plaintiff is required to pay an initial partial filing fee of $3.46 (twenty percent of $17.31).

Plaintiff shall pay this initial partial filing fee of $3.46 to the clerk of this court within 21 days of the date of this order. Failure to pay the initial partial filing fee within the time specified will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b) and Civil L.R. 41(c) (E.D. Wis. 2010).

**Notice to Plaintiff:** Please be aware that 28 U.S.C. § 1915(g) creates a "three strikes" rule. This means that if a prisoner files three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, that prisoner may not bring any other actions in forma pauperis, unless he or she is in imminent danger of serious physical injury. § 1915(g).

If you believe you may incur a "strike" under § 1915(g) when the merits of your claim(s) are assessed at a later stage of this litigation, and you want to avoid that possibility, you may notify the Clerk of Court in writing within twenty-one days of the date of this order, stating that you do not wish to continue prosecuting this civil action. If we receive such notification, this case will be dismissed without prejudice, without your incurring a "strike" under § 1915(g), and without your paying the filing fee as set forth in this order.

If, however, you simply do not pay the initial partial filing fee within the period set forth in this order, this case may be dismissed with prejudice, and you will still be required to pay the entire $350 filing fee. A dismissal for failure to pay the initial partial filing fee, however, is never counted as a "strike" under § 1915(g).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that within 21 days of the date of this order, plaintiff shall forward to the Clerk of this Court the sum of $3.46 as an initial partial filing fee in this action.

After the initial partial filing fee is paid, the court will then review plaintiff's legal claim(s) to determine whether the action may proceed in forma pauperis. Claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against defendants with immunity will be dismissed at this stage. § 1915(e)(2)(B). Please note that if any one claim survives this review, plaintiff will not incur a § 1915(g) "strike."

**IT IS ALSO ORDERED** that copies of this order be sent to the Wisconsin Department of Justice pursuant to the memorandum of understanding entered into between the clerk's office and the Department.

Dated at Milwaukee, Wisconsin this 7th day of November, 2011.

                                                      s/
                                                      LYNN ADELMAN
                                                      District Judge