# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TONY D. WALKER,**

    **Plaintiff,**

    v.                                                                               Case No. 11-CV-995

**GARY HAMBLIN, JAMES R. SCHWOCHERT,**
**RICHARD W. PHILLIPS, RICK A. RASMUSSEN,**
**MARC W. CLEMENT, KAREN LARSEN,**
**and JOANEE BOVEE,**

    **Defendants.**

## ORDER

Before the court is plaintiff's motion seeking default judgment, which contends that defendants failed to file an answer within 21 days after service as required by Fed. R. Civ. P. 12(a)(1)(A)(i). Defendants respond that plaintiff is not entitled to default, citing a Memorandum of Understanding between the U.S. District Court for the Eastern District of Wisconsin and the Wisconsin Department of Justice (DOJ). The Memorandum grants the DOJ 60 days to answer a complaint, from the date the Court notifies it of the complaint via a Notice of Electronic Filing (NEF).

Plaintiff is correct that Federal Rule of Civil Procedure 12(a) governs the time permitted for a defendant to serve an answer but, by complying with the Memorandum of Understanding, defendants have also complied with that rule. The 21-day deadline to file an answer applies only in cases where the defendant is "served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). If the defendant "has timely waived service," the rule then provides 60 days for a defendant to file an answer. See Fed. R. Civ. P. 12(a)(1)(A)(ii). The NEF sent to defendants in this case on January 4, 2012, effectively notified the DOJ of its option to waive the requirement of physical service of the summons

and complaint by a U.S. Marshal. (Docket #12). The DOJ timely waived the requirement of physical service of the summons and complaint upon the defendants on January 10, 2012 (Docket #13), in compliance with the provisions set forth in the Memorandum and the waiver rules prescribed by Fed. R. Civ. P. 4(d). Defendants filed their answer on March 2, 2012 (Docket #22), within the 60 days from January 4, 2012, permitted by Fed. R. Civ. P. 12(a)(1)(A)(ii). Therefore, the motion for default judgment will be denied.

Plaintiff has also filed a motion to reinstate the Wisconsin Department of Corrections (DOC) as a defendant. He contends that the DOC is an entity that can sue and be sued, see Wis. Stat. § 301.04, and that, under Fed. R. Civ. P. 9(a), he was not required to plead the DOC's capacity to be sued. However, the DOC is not a proper defendant because it is not a "person" for purposes of 42 U.S.C. § 1983. See Lapides v. University of Georgia, 535 U.S. 613, 617-18 (2002); Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989); see also Dobbey v. Ill. Dep't of Corr., 574 F.3d 443, 444 (7th Cir. 2009).

**IT IS THEREFORE ORDERED** that plaintiff's motion for default judgment (Docket #18) **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order to reinstate defendant (Docket #20) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of March 2012.

                                                            s/
                                                            LYNN ADELMAN
                                                            District Judge