UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TONY D. WALKER,**

    **Plaintiff,**

    v.                                      Case No. 11-CV-995
                                                Appeal No. 13-2796

**GARY HAMBLIN, JAMES R. SCHWOCHCHERT,
RICHARD W. PHILLIPS, RICK A. RASMUSSEN,
MARC W. CLEMENTS, KAREN LARSEN
AND JOANNE BOVEE,**

    **Defendants,**

## DECISION AND ORDER

        According to the April 26, 1996 amendments to 28 U.S.C. § 1915, plaintiff prisoners must pay the entire statutory filing fee of $455, regardless of whether in forma pauperis status is ultimately granted. 28 U.S.C. § 1915(b)(1); Newlin v. Helman, 123 F.3d 429, 432 (7th Cir. 1997), overruled on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). A plaintiff prisoner is allowed to pay the filing fee in increments according to the formula set forth in § 1915(b)(1). Under this provision, the court assesses an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits into the plaintiff's prison account; or (2) the average monthly balance in the plaintiff's prison account, each for the six-month period immediately preceding the filing of the complaint. In this case, I assessed plaintiff an initial partial filing fee of $6.05. Before me now is plaintiff's motion to waive that fee."

        In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing

fee." 28 U.S.C. § 1915(b)(4). However, "[i]t is not enough that the prisoner lack assets on the date he files. . . . Section 1915(b)(4) comes into play only when 'the prisoner has no assets <u>and no means</u> by which to pay the initial partial filing fee.' A prisoner with income has periodic 'means' even when he lacks 'assets.'" <u>Newlin</u>, 123 F.3d at 435. Plaintiff asks the court to waive the initial partial filing fee in this case because he claims he has neither assets nor means to pay.

I ordered plaintiff to pay $6.05 because his prison trust account statement shows that the average monthly deposit into his account is $30.27. The deposits into his account are income from his prison job, but, as plaintiff now points out, he does not have access to these deposits. Whenever money is deposited into his account, it is automatically deducted to pay outstanding federal and state court filing fees unrelated to this case. As a result, the balance in his account immediately returns to zero. Since plaintiff has no means to pay the initial partial filing fee, I will grant his motion and waive the fee. I note, however, that plaintiff still has an obligation to pay the full filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). See 28 U.S.C. § 1915(b)(1).

**THEREFORE, IT IS ORDERED** that plaintiff's motion to waive the initial partial filing fee [DOCKET #89] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's request for the court to address his motion to reconsider [Docket #91] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 25th day of October, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

2

Case 2:11-cv-00995-LA   Filed 10/25/13   Page 2 of 2   Document 92